NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 04a0136n.06
Filed: November 30, 2004

No. 03-6204

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| CAMBRIDGE-LEE INDUSTRIES, INC., | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| WESTLAKE VINYLS, INC., | ) | WESTERN DISTRICT OF KENTUCKY |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Before: MOORE and GIBBONS, Circuit Judges; and EDMUNDS, District Judge.[*]

**PER CURIAM.** Dixie Arc, Inc. ("Dixie Arc"), contracted with defendant-appellant Westlake Vinyls, Inc. ("Westlake"), to construct an electrical system to be installed on Westlake's property in Calvert City, Kentucky. Plaintiff-appellee Cambridge-Lee Industries, Inc. ("Cambridge-Lee") provided materials to Dixie Arc for construction of the electrical system. Dixie Arc did not pay all it owed to Cambridge-Lee for these materials, so Cambridge-Lee brought suit to enforce a materialman's lien on the improvements to Westlake's property in the amount of what Dixie Arc owed Cambridge-Lee. The parties filed cross-motions for summary judgment. The district court granted Cambridge-Lee's motion and denied Westlake's, ordering that Cambridge-Lee holds an enforceable lien on Westlake's property in the amount of $650,553.91, plus prejudgment and

---

[*]The Honorable Nancy G. Edmunds, United States District Judge for the Eastern District of Michigan, sitting by designation.

postjudgment interest. Westlake appeals, arguing that the district court erred in: (1) determining that Dixie Arc was a contractor and not a materialman, and that Cambridge-Lee could thus enforce its lien against Westlake under Kentucky law; and (2) awarding prejudgment interest to Cambridge-Lee.

Having had the benefit of oral argument, and having studied the record on appeal and the briefs of the parties, we are not persuaded that the district court erred in holding that Cambridge-Lee had an enforceable materialman's lien against Westlake. Nor are we persuaded that the district court erred in awarding prejudgment interest to Cambridge-Lee. Because the reasons for these determinations have been fully articulated by the district court, the issuance of a detailed opinion by this court would be duplicative and would serve no useful purpose. Accordingly, we affirm the judgment of the district court on the basis of the reasoning set out by that court in its opinion and order entered on July 2, 2003.